# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD WARNER,<br><br>                          Plaintiff,<br>   vs.<br><br>SHEILA ROSE, JOHN ROSE, et al.,<br><br>                          Defendant. | CASE NO. 12cv2862-LAB (DHB)<br><br>**ORDER DENYING MOTION TO PROCEED** *IN FORMA PAUPERIS*; **AND**<br><br>**ORDER OF REMAND** |

On December 3, 2012, Defendants removed this unlawful detainer action from the Superior Court of California for the County of San Diego. They did not pay a filing fee, but filed a motion to proceed *in forma pauperis* (IFP).

The Court is required to examine its own jurisdiction, *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000), and to remand a case where jurisdiction is lacking. 28 U.S.C. § 1447(c).The court presumes that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The notice of removal does not identify any basis for the Court's exercise of jurisdiction. Rather, the attached pleadings make clear this Court lacks jurisdiction over this case.

The complaint seeks possession of a residence the Roses are allegedly unlawfully occupying. It pleads a cause of action less than $10,000 and asks for reasonable rent from

October 27, 2012, which it values at $40 per day. Thus, it is clear the amount in controversy is much less than the $75,000 threshold required for diversity jurisdiction. *See Signet Doman, LLC v. Aintablian*, 2012 WL 5512388 at *1 (C.D.Cal., Nov. 14, 2012) (in unlawful detainer action, only possession is at issue, not title, and thus the amount in controversy is the amount sought in the complaint, not the value of the property). Therefore, even assuming the parties to be diverse (which the notice of removal does not allege), the Court cannot exercise diversity jurisdiction.

Although the notice refers indirectly to federal defenses or counterclaims, defenses or counterclaims do not support federal question jurisdiction and do not provide a basis for removal to federal court. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). The notice also refers to a class action pending in federal court, but this does not support removal jurisdiction either. *See MFC Twin Builders, LLC v. Fajardo*, 2012 WL 3862399, slip op. At *4 (E.D.Cal., Sept. 5, 2012) ("Courts have expressly and clearly rejected attempts to remove actions based on the relationship of the civil action to be removed and another separate action already pending in federal court.")

This action is therefore **REMANDED** to the Superior Court of California for the County of San Diego, from which it was removed. The IFP motion is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATED: December 6, 2012

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge