1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11 | EDWARD WARNER,

12 |                                    Plaintiff,

13 |       vs.

14 | SHEILA ROSE, JOHN ROSE, et al.,

15 |                                    Defendant.

CASE NO. 12cv2862-LAB (DHB)

**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**

**ORDER OF REMAND**

16

17       On December 3, 2012, Defendants removed this unlawful detainer action from the

18 Superior Court of California for the County of San Diego.  They did not pay a filing fee, but

19 filed a motion to proceed *in forma pauperis* (IFP).

20       The Court is required to examine its own jurisdiction, *Hernandez v. Campbell*, 204

21 F.3d 861, 865 (9th Cir. 2000), and to remand a case where jurisdiction is lacking.  28 U.S.C.

22 § 1447(c).The court presumes that a case lies outside the limited jurisdiction of the federal

23 courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

24 *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The notice of removal

25 does not identify any basis for the Court's exercise of jurisdiction.  Rather, the attached

26 pleadings make clear this Court lacks jurisdiction over this case.

27       The complaint seeks possession of a residence the Roses are allegedly unlawfully

28 occupying.  It pleads a cause of action less than $10,000 and asks for reasonable rent from

1   October 27, 2012, which it values at $40 per day.  Thus, it is clear the amount in controversy

2   is much less than the $75,000 threshold required for diversity jurisdiction.  *See Signet*

3   *Doman, LLC v. Aintablian*, 2012 WL 5512388 at *1 (C.D.Cal., Nov. 14, 2012) (in unlawful

4   detainer action, only possession is at issue, not title, and thus the amount in controversy is

5   the amount sought in the complaint, not the value of the property). Therefore, even

6   assuming the parties to be diverse (which the notice of removal does not allege), the Court

7   cannot exercise diversity jurisdiction.

8       Although the notice refers indirectly to federal defenses or counterclaims, defenses

9   or counterclaims do not support federal question jurisdiction and do not provide a basis for

10  removal to federal court.  *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).  The notice

11  also refers to a class action pending in federal court, but this does not support removal

12  jurisdiction either.  *See MFC Twin Builders, LLC v. Fajardo*, 2012 WL 3862399, slip op. At

13  *4 (E.D.Cal., Sept. 5, 2012) ("Courts have expressly and clearly rejected attempts to remove

14  actions based on the relationship of the civil action to be removed and another separate

15  action already pending in federal court.")

16      This action is therefore **REMANDED** to the Superior Court of California for the County

17  of San Diego, from which it was removed.  The IFP motion is **DENIED AS MOOT**.

18      **IT IS SO ORDERED**.

19  DATED:  December 6, 2012

20

21  **HONORABLE LARRY ALAN BURNS**
    United States District Judge

22

23

24

25

26

27

28

12cv2862